UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

07 OCT 15 AM 10:55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY DEPUTY

'07 MJ 2455

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No.__________ |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | |
| **Rigoberto VAZQUEZ-Montes** | Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about **October 12, 2007**, within the Southern District of California, defendant **Rigoberto VAZQUEZ-Montes**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, U.S. Customs & Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 15th DAY OF **OCTOBER 2007**.

UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

I, United States Customs and Border Protection (CBP) Enforcement Officer Alfredo Loperena, declare under penalty of perjury the following to be true and correct:

On October 12, 2007, at approximately 1208 hours, **Rigoberto VAZQUEZ-Montes (Defendant)** attempted entry into the United States from Mexico through the San Ysidro Port of Entry vehicle primary lane number eleven (11). Defendant was a passenger in a vehicle bearing Missouri plate number 843ZKP. Defendant presented himself for inspection to a U.S. Customs and Border Protection (CBP) Officer. Defendant presented a California drivers license bearing his name and likeness. Upon questioning from the CBP Officer, Defendant stated he was born in Cuba but was a citizen of the United States. Defendant was asked if he was bringing anything from Mexico. Defendant stated he was not bringing anything from Mexico. The primary CBP Officer conducted a name query on Defendant and discovered that Defendant had an outstanding warrant for his arrest in Los Angeles, California. The CBP Officer referred and escorted Defendant to secondary for citizenship and admissibility verification.

In secondary, Defendant was queried by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS returned a match to the query, verifying Defendant's identity, linking him to law enforcement records and verifying a felony arrest warrant issued by the District Attorney's Office in Los Angeles, California. CBP systems queries, including Central Index System (CIS) and Deportable Alien Control System (DACS), reveal Defendant is an alien previously removed from the United States.

Immigration records reflect that Defendant is a citizen of Mexico who has no entitlements to enter the United States. Immigration records also show that on or about February 13, 2001, an Immigration Judge ordered Defendant deported from the United States to Mexico. Immigration records reflect Defendant was physically removed from the United States to Mexico on or about May 9, 2001. Immigration records contain no evidence that Defendant has applied for nor received permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security to legally enter the United States. The Prosecution Unit was notified and Defendant was escorted to the Prosecution Unit for further processing

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico with no entitlements for entry into the United States. Defendant admitted an Immigration Judge deported him from the United States to Mexico in February of 2001. Defendant admitted that he has not requested nor received any permission from the United States Attorney General or his designee to enter the United States. Defendant admitted he wanted to enter the United States to go to a business meeting in San Diego, California.

EXECUTED ON THIS 12th DAY OF OCTOBER 2007 AT SAN YSIDRO PORT OF ENTRY.

[signature]

#7440

Alfredo Loperena / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (1) page, I find probable cause to believe that the defendant named therein committed the offense on **October 12, 2007** in violation of Title 8, United States Code, Section 1326.

MAGISTRATE JUDGE

10/13/07, 1215hrs
DATE / TIME